UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHONDA HUE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-85** |
| **THE HUNTINGTON NATIONAL BANK, ET AL.** | **SECTION "N" (2)** |

## ORDER AND REASONS

Before the Court is a motion by Defendant, The Huntington National Bank, to consolidate the above captioned matter with the civil matter styled *In the Matter of The Huntington National Bank and Marquette Transportation Company Gulf-Inland, LLC, as owner and operator of the towing vessel SALVATION, for Exoneration from or Limitation of Liability*, Civil Action No. 2:11-cv-00254-KDE-JCW. This motion is opposed by Plaintiffs Rhonda Hue, Christy Hue, and Laurie Hue-Knott. After considering the memoranda of the parties and the applicable law, the Court grants this Motion to Consolidate for the reasons set forth below.

**I.     BACKGROUND**

On or about August 7, 2010, while engaged in normal operations near mile 21 of the Morgan City-Port Allen Route, the SALVATION was involved in an accident with a 17-foot

vessel owned and manned by Leonard Hue, who was killed in the collision. (Rec. Doc. 1 pp. 2, 3) . On January 4, 2010, Rhonda Hue, Christy Hue, and Laurie Hue-Knott, Individually and On behalf of the Deceased, Leonard Hue ("Hues") filed a petition for Wrongful Death and Survival Action with the Civil District Court for the Parish of Orleans, State of Louisiana. (Rec. Doc. 1 p. 3) . The Huntington National Bank, owner of the SALVATION, removed the action to the United States District Court for the Eastern District of Louisiana. (Rec. Doc. 1 p. 3) . This action is a general maritime claim with a jury trial requested.

On February 7, 2011, The Huntington National Bank and Marquette Transportation Company Gulf-Inland, LLC, as owner and operator, respectively, of the towing vessel SALVATION filed a complaint for Exoneration from or Limitation of Liability in this Court. (Rec. Doc. 1 ) . This action is an admiralty claim, to be decided by the undersigned, without a jury. The Huntington National Bank now moves to consolidate these two actions, pursuant to Federal Rule of Civil Procedure 42(a).

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 42 (a) provides for consolidation when actions before the court "involve a common question of law or fact." In determining whether to invoke this rule, the district courts have been given broad discretion. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985). The purpose of consolidation is to promote judicial efficiency by enabling courts to "avoid unnecessary costs or delay." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Accordingly, the Fifth Circuit has encouraged trial judges "to make good use of Rule 42(a) of the Federal Rules of Civil Procedure . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir. 1966),

*cert. denied*, 386 U.S. 958, 87 (1967).   However, invocation of Rule 42(a) is inappropriate where prejudice to the rights of the parties results. *St. Bernard General Hospital, Inc. v. Hospital Service Association of New Orleans, Inc.*, 712 F. 2d 978, 989 (5th Cir. 1980), *cert. denied*, 466 U.S. 970 (1984); *Dupont*, 366 F.2d at 195-196. When weighing this decision, the 11th and 4th Circuits have advised judges to consider the following:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 766 F.2d 1492, 1495 (11th Cir. 1985); quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Notably, procedural devices (*e.g.* cautionary jury instructions, verdict sheets) are available to the court to alleviate potential prejudice or confusion. *Hendrix*, 776 F.2d at 1495.

    In the instant case, the presence of a common issue of law or fact is uncontroverted by both the parties and this court. See *Florida Marine Transp., Inc. v. Barberich*, No. 07-3604, 2008 WL 482729, *1 (E.D. La. Feb. 15, 2008) (Engelhardt, J) (holding that such a conclusion is "unquestionabl[e]" when two actions arise from a single accident).  The Huntington National Bank argues that consolidation is proper because both actions involve common evidence, witnesses and counsel. In addition to promoting judicial consistency and conserving court resources, it claims consolidation will avoid duplication of fees and costs as well. The Hues do not dispute these assertions. Rather, they purport the potential for prejudice exists should these two cases be consolidated entirely or, in the least, tried together. This opposition is based on the presence of procedural issues not common to both claims, namely the right to interlocutory appeal exclusive to the admiralty action.

The central issue, therefore, is whether the Hues' rights would be prejudiced by consolidating their jury matter with this non jury matter. Procedural differences do not serve as prejudicial grounds for denying a Motion to Consolidate, per se. *Walker v. Loop Fish & Oyster Co.*, 211 F.2d 777 (5th Cir. 1966). For example, in *Loop Fish & Oyster Co.*, the Fifth Circuit held that the plaintiff's rights were not prejudiced when the trial judge consolidated jury and non-jury cases for the purposes of a common negligence issue. *Id.* at 780, 781. In that case, an automobile accident involving several people gave rise to multiple claims, only one of which demanded a jury trial. *Id.* at 778. When consolidating, the district court notified counsel that "all evidence on the question of negligence taken in the jury case would be 'incorporated' in the non-jury cases, but that the parties to the non-jury cases could introduce in those cases any additional evidence they desired on the question of negligence." *Id.* at 780. Moreover, the plaintiffs in the non-jury cases were allowed to fully partake in the jury trial, ensuring their right to introduce any desired evidence. *Id*. at 781. In affirming the use of Rule 42(a), the Fifth Circuit explained that requiring the same judge to rehear "lengthy evidence on the question of negligence which he had just heard eleven days before, in the jury case . . . would have been a work of supererogation, and a needless waste of time." *Id.*; see also *In re Double D Dredging Co.*, 467 F.2d 468 (5th Cir. 1972) (where the district court consolidated a vessel owner's limitation action with the claimant's Jones Act suit set for trial).

## III.  CONCLUSION

The Hues' concern that consolidation in this case will adversely affect their rights is unfounded. Consolidation does not completely merge the cases nor does it require a party to concede any substantive rights. *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). In fact, both the Supreme Court of the United States and the Fifth Circuit "have

stressed frequently the importance of *not* intermingling consolidated claims in this fashion." *Shafer v. Army & Air Force Exchange Service*, 376 F.3d 386, 394 (5th Cir. 2004) (emphasis in original) ; *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933) ( "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties.")   Moreover, the court has at its disposal, and will implement, procedural measures to ensure litigants a fair and impartial trial.

Accordingly, **IT IS ORDERED** that the **Defendant's Motion to Consolidate (Rec. Doc. 8)** is **GRANTED.**

New Orleans, Louisiana this 31st day of May 2011.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE